John J. Nelson (SBN 317598)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
280 South Beverly Drive
Beverly Hills, California 90212
Tel.:   (858) 209-6941
jnelson@milberg.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASHTI COLON RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLANMEMBER SECURITIES CORPORATION;<br><br>Defendant. | Case No. _____<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Vashti Colon Rodriguez ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following Class Action Complaint (the "Action") against the above-captioned Defendant, PlanMember Securities Corporation, (the "Defendant" or "PlanMember") upon personal knowledge as to

herself and her own actions, and upon information and belief, including the investigation of counsel as follows:

## I.    NATURE OF THE ACTION

1.    Plaintiff brings this Action on behalf of thousands of similarly situated individuals who used Defendant's financial services for the purpose of choosing investment plans, retirement plans, and other financial related decision-making.

2.    Or about June 29, 2022, Defendant published a "Notice of Data Security Incident" (hereinafter, the "Notice") in which it publicly announced that its network was "targeted by criminal actors with the intent of stealing funds from PlanMember's corporate account" (the "Data Breach"). According to Defendant, "[t]o accomplish their scheme, the criminal actors gained access to an internal PlanMember account in an unsuccessful attempt to route funds to criminal-owned bank accounts. The criminal actors could have also accessed documents containing personal information[.]"

3.    The information compromised in the Data Breach included Plaintiff's and approximately 71,116 Class Members' names and Social Security numbers (collectively "Private Information").

4.    As detailed below, this Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cyber-security procedures and

CLASS ACTION COMPLAINT
                              - 2 -

protocols necessary to protect Plaintiff's and the Class Members' Private Information despite the fact that data breach attacks are at an all-time high.

5.    According to Defendant's Notice, the unauthorized actor(s) gained access to Defendant's servers and/or network prior to March 15, 2022 – which is when Defendant first "observed anomalous activity on [their] IT network" – and yet, Defendant failed to disclose to consumers that a data breach may have occurred until three and a half months after Defendant first became cognizant of the intrusion. The Notice also fails to describe: (1) the method of intrusion; (2) how long the unauthorized actors had access to the servers; and (3) definitively, which information was taken from consumers.

6.    Defendant has not offered Plaintiff and the Class Members any sort of real relief for the harm caused by the Data Breach. Defendant has only offered Plaintiff and the Class one year of credit monitoring, which is woefully insufficient given that the misuse of information stolen in this Data Breach will have lasting implications for Plaintiff and Class Members for years to come.

7.    As a consequence of the Data Breach, Plaintiff's and Class Members' Private Information has been released into the public domain and they have had to, and will continue to have to, spend time to protect themselves from fraud and identity theft or to mitigate successful attempts at fraud or identity theft.

CLASS ACTION COMPLAINT

- 3 -

8.    Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiff's and Class Members' Private Information was a known risk to Defendant, through frequent news reports and government warnings, and thus it was on notice that failing to take steps necessary to secure the Private Information from those risks left the property in a dangerous and vulnerable condition.

9.    Defendant disregarded the rights of Plaintiff and Class Members by, inter alia, intentionally, willfully, recklessly or negligently failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions; failing to disclose that it did not have adequately robust computer systems and security practices to safeguard Plaintiff's and Class Members' Private Information; failing to take standard and reasonably available steps to prevent the Data Breach and failing to provide Plaintiff and Class Members accurate notice of the Data Breach.

10.    Plaintiff's and Class Members' identities are now at risk due to Defendant's conduct because the Private Information that Defendant collected and maintained is now in the hands of data thieves.

11.    As a result of the Data Breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and

CLASS ACTION COMPLAINT

- 4 -

Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

12.    Plaintiff and Class Members may also incur out of pocket costs for, e.g., purchasing credit monitoring services, credit freezes, credit reports or other protective measures to deter and detect identity theft.

13.    Plaintiff seeks to remedy these harms on behalf of herself and all similarly situated individuals whose Private Information was accessed during the Data Breach.

14.    Plaintiff seeks remedies including, but not limited to, all forms of allowable damages, including statutory damages, compensatory damages, nominal damages, reimbursement of out-of-pocket costs; injunctive relief including improvements to Defendant's data security systems, future annual audits; and adequate credit monitoring services funded by Defendant.

## II.    JURISDICTION AND VENUE

15.    This Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member (inclusive of the Plaintiff - who is from New York) from the putative Class is from a different state than the Defendant (who is from California).

CLASS ACTION COMPLAINT

- 5 -

16.    The Central District of California has personal jurisdiction over Defendant named in this action because the Defendant is headquartered in this District and it directs marketing, business, and other commerce from and within this District. Additionally, pursuant to Defendant's "Jurisdiction" provision on their website's Terms of Use, "[a]ny and all litigation in connection with any dispute arising under and in connection with these Terms of Use or the Sites shall be filed or litigated in a federal or state court in the County of Santa Barbara, California. By accessing the Sites the parties consent to personal jurisdiction and venue in the County of Santa Barbara, in the State of California."[1]

17.    Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant resides in this District, in Carpinteria, California.

## III.    PARTIES

*Plaintiff Vashti Colon Rodriguez*

18.    Plaintiff Vashti Colon Rodriguez is a current or former consumer of Defendant's services and is a resident and citizen of the state of New York. Plaintiff received the Notice on June 29, 2022; and, therefore, is a victim of the Data Breach alleged herein.

---

[1] https://www.planmember.com/default.cfm?pageid=32, (last visited Aug. 15, 2022).

CLASS ACTION COMPLAINT
- 6 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

*Defendant PlanMember Securities Corporation*

19.     Defendant PlanMember Securities Corporation is a California corporation located in Carpinteria, California.

20.     PlanMember Securities Corporation maintains its principle place of business at 6187 Carpinteria Avenue, Carpinteria, California 93013.

## IV.    FACTUAL ALLEGATIONS

*Defendant's Business*

21.     Defendant PlanMember Securities Corporation, a California-based corporation which is a subsidiary of PlanMember Financial Corporation, offers financial services to consumers, specifically, "providing retirement planning solutions for people in public education, mission-driven organizations, and individuals and families[.]"[2] Defendant has offered these services for "more than 30 years."[3]

22.     Upon information and belief, in the ordinary course of doing business with Defendant, Plaintiff and Class Members were required to provide, at a minimum, their Private Information, i.e., names and  Social Security numbers.

---

[2] https://www.planmember.com/members/, (last accessed Aug. 14, 2022).
[3] *Id.*

CLASS ACTION COMPLAINT

- 7 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

23.    Plaintiff and Class Members were required to and did in fact turn over and entrust to Defendant their Private Information listed above. Indeed, as a condition of receiving services from Defendant, Plaintiff and the Class Members were required to entrust to Defendant the Private Information.

24.    By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' Private Information, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' Private Information from unauthorized disclosure.

25.    Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their Private Information.

26.    PlanMember also represented to consumers, via its publicly posted Privacy Policy[4] that consumers "trust us with your private, personal information when you invest with us, and we are committed to protecting it," that "[w]e treat your information with respect and concern for your privacy," that "[o]ur staff, affiliates and representatives who have access to your information are required to follow our procedures reasonably designed to keep your information secure and confidential," and, "[o]ur physical, electronic and procedural safeguards have been

_____
[4] https://www.planmember.com/members/privacy-old2/ (last accessed Aug. 17, 2022)

CLASS ACTION COMPLAINT
- 8 -

reasonably designed to protect your information." But, as evidenced by the Data Breach, Defendant did not adhere to its own Privacy Policy.

27.    Plaintiff and Class Members relied on Defendant to keep their Private Information confidential and securely maintained, to use this information for business and health purposes only, and to make only authorized disclosures of this information.

*The Data Breach*

28.    On or about June 29, 2022, PlanMember started notifying victims of the Data Breach. Specifically, the Notice states, in relevant part:

> On March 15, 2022, we observed anomalous activity on our IT network. We promptly launched an investigation and took a series of immediate steps designed to remediate the issue. We then engaged a leading cybersecurity firm to further secure our systems, determine the cause of what happened, and to further help protect your information.
>
> PlanMember appears to have been targeted by criminal actors with the intent of stealing funds from PlanMembers' corporate account. To accomplish their scheme, the criminal actors gained access to an internal PlanMember account in an unsuccessful attempt to route funds to criminal-owned bank accounts. The criminal actors could also have accessed documents containing personal information as described below… Our records indicate your name and Social Security number may have been accessed.

CLASS ACTION COMPLAINT

- 9 -

29.     Accordingly, per Defendant's Notice, the unauthorized actor(s) gained access to Defendant's servers and/or network prior to March 15, 2022 – which is when Defendant first "observed anomalous activity on [their] IT network" – and yet, Defendant failed to disclose to consumers that a data breach may have occurred until three and a half months after Defendant first became cognizant of the intrusion. The Notice also fails to describe: (1) the method of intrusion; (2) how long the unauthorized actors had access to the servers; and, (3) definitively, which information was taken from consumers.

30.     Defendant has not offered Plaintiff and the Class Members any sort of real relief for the harm caused by the Data Breach. Defendant has only offered Plaintiff and the Class one year of credit monitoring, which is woefully insufficient given that the types of information stolen in this Data Breach could have lasting implications for Plaintiff and Class Members for years to come.

31.     As a consequence of the Data Breach, Plaintiff's and Class Members' Private Information has been released into the public domain and they have had to, and will continue to have to, spend time to protect themselves from fraud and identity theft or to mitigate successful attempts at fraud or identity theft.

32.     Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiff's and Class Members' Private

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Information was a known risk to Defendant, through frequent news reports and government warnings, and thus it was on notice that failing to take steps necessary to secure the Private Information from those risks left the property in a dangerous and vulnerable condition.

33.    Defendant disregarded the rights of Plaintiff and Class Members by, inter alia, intentionally, willfully, recklessly or negligently failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions; failing to disclose that it did not have adequately robust computer systems and security practices to safeguard Plaintiff's and Class Members' Private Information; failing to take standard and reasonably available steps to prevent the Data Breach and failing to provide Plaintiff and Class Members accurate notice of the Data Breach.

34.    Simply put, Defendant could have and should have prevented this Data Breach but Defendant did not implement or maintain adequate measures to protect Private Information.

35.    On information and belief, the Private Information compromised in the files accessed by hackers was not encrypted. If the information were properly encrypted, the attacker would not have been able to exfiltrate intelligible data.

- 11 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

36.     Due to Defendant's incompetent security measures, Plaintiff and the Class Members now face a present and substantial risk of fraud and identity theft and must deal with that threat for the remainder of their lives.

37.     Despite widespread knowledge of the dangers of identity theft and fraud associated with cyberattacks and unauthorized disclosure of Private Information, Defendant provided unreasonably deficient data security prior to and throughout the Data Breach, including, but not limited to a lack of security measures for storing and handling Private Information and inadequate employee training regarding how to access, handle and safeguard this information.

38.     Defendant failed to adequately adopt and train its employees on even the most basic of information security protocols, including: storing, locking encrypting and limiting access to highly sensitive Private Information; implementing guidelines for accessing, maintaining and communicating sensitive Private Information, and protecting Plaintiff's and Class Members' sensitive Private Information by implementing protocols on how to utilize such information.

39.     Defendant's failures caused the unpermitted disclosure of Plaintiff's and Class members' Private Information to an unauthorized third party and put Plaintiff and the Class at serious, immediate, and continuous risk of identity theft and fraud.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

40.     The Data Breach that exposed Plaintiff's and Class members' Private Information was caused by Defendant's violation of its obligations to abide by best practices and industry standards concerning its information security practices and processes.

41.     Defendant failed to comply with security standards or to implement security measures that could have prevented or mitigated the harm resulting from the Data Breach.

42.     Defendant failed to ensure that all personnel with access to Plaintiff's and Class Members' Private Information were properly trained in retrieving, handling, using and distributing sensitive information.

43.     To prevent and detect cyber-attacks attacks Defendant could and should have implemented, as recommended by the United States Government, the following measures:

- Implement an awareness and training program. Because end users are targets, employees and individuals should be aware of the threat of ransomware and how it is delivered.

- Enable strong spam filters to prevent phishing emails from reaching the end users and authenticate inbound email using technologies like Sender Policy Framework (SPF), Domain Message Authentication Reporting and Conformance (DMARC), and DomainKeys Identified Mail (DKIM) to prevent email spoofing.

- Scan all incoming and outgoing emails to detect threats and filter executable files from reaching end users.

CLASS ACTION COMPLAINT

- 13 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

- Configure firewalls to block access to known malicious IP addresses.

- Patch operating systems, software, and firmware on devices. Consider using a centralized patch management system.

- Set anti-virus and anti-malware programs to conduct regular scans automatically.

- Manage the use of privileged accounts based on the principle of least privilege: no users should be assigned administrative access unless absolutely needed; and those with a need for administrator accounts should only use them when necessary.

- Configure access controls—including file, directory, and network share permissions—with least privilege in mind. If a user only needs to read specific files, the user should not have write access to those files, directories, or shares.

- Disable macro scripts from office files transmitted via email. Consider using Office Viewer software to open Microsoft Office files transmitted via email instead of full office suite applications.

- Implement Software Restriction Policies (SRP) or other controls to prevent programs from executing from common ransomware locations, such as temporary folders supporting popular Internet browsers or compression/decompression programs, including the AppData/LocalAppData folder.

- Consider disabling Remote Desktop protocol (RDP) if it is not being used.

- Use application whitelisting, which only allows systems to execute programs known and permitted by security policy.

- Execute operating system environments or specific programs in a virtualized environment.

- Categorize data based on organizational value and implement physical and logical separation of networks and data for different organizational units.

CLASS ACTION COMPLAINT

- 14

44.    To prevent and detect cyber-attacks Defendant could and should have implemented, as recommended by the United States Cybersecurity & Infrastructure Security Agency, the following measures:

- Update and patch your computer. Ensure your applications and operating systems (OSs) have been updated with the latest patches. Vulnerable applications and OSs are the target of most ransomware attacks….

- Use caution with links and when entering website addresses. Be careful when clicking directly on links in emails, even if the sender appears to be someone you know. Attempt to independently verify website addresses (e.g., contact your organization's helpdesk, search the internet for the sender organization's website or the topic mentioned in the email). Pay attention to the website addresses you click on, as well as those you enter yourself. Malicious website addresses often appear almost identical to legitimate sites, often using a slight variation in spelling or a different domain (e.g., .com instead of .net)….

- Open email attachments with caution. Be wary of opening email attachments, even from senders you think you know, particularly when attachments are compressed files or ZIP files.

- Keep your personal information safe. Check a website's security to ensure the information you submit is encrypted before you provide it….

- Verify email senders. If you are unsure whether or not an email is legitimate, try to verify the email's legitimacy by contacting the sender directly. Do not click on any links in the email. If possible, use a previous (legitimate) email to ensure the contact information you have for the sender is authentic before you contact them.

- Inform yourself. Keep yourself informed about recent cybersecurity threats and up to date on ransomware techniques. You can find information about known phishing attacks on the Anti-Phishing Working Group website. You may also want to sign up for CISA product notifications, which will alert you when a new Alert, Analysis Report, Bulletin, Current Activity, or Tip has been published.

CLASS ACTION COMPLAINT

- 15 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

- Use and maintain preventative software programs. Install antivirus software, firewalls, and email filters—and keep them updated—to reduce malicious network traffic….[5]

45.    To prevent and detect cyber-attacks attacks Defendant could and should have implemented, as recommended by the Microsoft Threat Protection Intelligence Team, the following measures:

Secure internet-facing assets

- Apply latest security updates
- Use threat and vulnerability management
- Perform regular audit; remove privileged credentials;

Thoroughly investigate and remediate alerts

- Prioritize and treat commodity malware infections as potential full compromise;

Include IT Pros in security discussions

- Ensure collaboration among [security operations], [security admins], and [information technology] admins to configure servers and other endpoints securely;

---

[5] *See* Security Tip (ST19-001) Protecting Against Ransomware (original release date Apr. 11, 2019), *available at:* https://us-cert.cisa.gov/ncas/tips/ST19-001 (last visited Nov. 11, 2021).

CLASS ACTION COMPLAINT

- 16 -

Build credential hygiene

-        Use [multifactor authentication] or [network level
         authentication] and use strong, randomized, just-in-time local
         admin passwords;

Apply principle of least-privilege

-        Monitor for adversarial activities
-        Hunt for brute force attempts
-        Monitor for cleanup of Event Logs
-        Analyze logon events;

Harden infrastructure

-        Use Windows Defender Firewall
-        Enable tamper protection
-        Enable cloud-delivered protection
-        Turn on attack surface reduction rules and [Antimalware
         Scan Interface] for Office [Visual Basic for
         Applications].[6]

---

[6] *See* Human-operated ransomware attacks: A preventable disaster (Mar 5, 2020), *available at:*
https://www.microsoft.com/security/blog/2020/03/05/human-operated-ransomware-attacks-a-
preventable-disaster/ (last visited Nov. 11, 2021).

CLASS ACTION COMPLAINT

- 17 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA 90212 ~ (858) 209-6941

46.     Given that Defendant was storing the Private Information of Plaintiff and Class Members, Defendant could and should have implemented all of the above measures to prevent and detect cyber-attacks.

47.     The occurrence of the Data Breach indicates that Defendant failed to adequately implement one or more of the above measures to prevent ransomware attacks, resulting in the Data Breach and the exposure of the PII of an undisclosed amount of current and former consumers, including Plaintiff and Class Members.

*Defendant Acquires, Collects, Stores Private Information of Plaintiff and Class Members*

48.     Defendant has historically acquired, collected, and stored the Private Information of Plaintiff and Class Members.

49.     As part of being a consumer of Defendant's services Plaintiff and the Class Members are required to give their sensitive and confidential Private Information to Defendant. Defendant retains and stores this information and derives a substantial economic benefit from the Private Information that it collects.

50.     By obtaining, collecting, and storing the Private Information of Plaintiff and Class Members, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting the Private Information from disclosure.

CLASS ACTION COMPLAINT

- 18 -

51.    Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their Private Information and relied on Defendant to keep their Private Information confidential and maintained securely, to use this information for business purposes only, and to make only authorized disclosures of this information.

52.    Defendant could have prevented this Data Breach by properly securing and encrypting the files and file servers containing the Private Information of Plaintiff and Class Members.

53.    Defendant's negligence in safeguarding the Private Information of Plaintiff and Class Members is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data.

54.    Despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect the Private Information of Plaintiff and Class Members from being compromised.

*The Value of Private Information*

55.    The Federal Trade Commission ("FTC") defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority."[7] The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to

---

[7] 17 C.F.R. § 248.201 (2013).

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."[8]

56.    The Private Information of individuals remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[9] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[10] Criminals can also purchase access to entire company data breaches from $900 to $4,500.[11]

57.    Social Security numbers, for example, are among the worst kind of Private Information to have stolen because they may be put to a variety of fraudulent uses and are difficult for an individual to change. The Social Security Administration

---

[8] *Id.*

[9] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last visited Jan. 19, 2022).

[10] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/  (last visited Jan 19, 2022).

[11] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last visited Jan. 19, 2022).

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

stresses that the loss of an individual's Social Security number, as is the case here, can lead to identity theft and extensive financial fraud:

> A dishonest person who has your Social Security number can use it to get other personal information about you. Identity thieves can use your number and your good credit to apply for more credit in your name. Then, they use the credit cards and don't pay the bills, it damages your credit. You may not find out that someone is using your number until you're turned down for credit, or you begin to get calls from unknown creditors demanding payment for items you never bought. Someone illegally using your Social Security number and assuming your identity can cause a lot of problems.[12]

58.    What is more, it is no easy task to change or cancel a stolen Social Security number. An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. In other words, preventive action to defend against the possibility of misuse of a Social Security number is not permitted; an individual must show evidence of actual, ongoing fraud activity to obtain a new number.

59.    Even then, a new Social Security number may not be effective. According to Julie Ferguson of the Identity Theft Resource Center, "[t]he credit bureaus and banks are able to link the new number very quickly to the old number,

---

[12] Social Security Administration, *Identity Theft and Your Social Security Number*, *available at*: https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited Jan. 19, 2022).

CLASS ACTION COMPLAINT

- 21 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

so all of that old bad information is quickly inherited into the new Social Security number."[13]

60.    Based on the foregoing, the information compromised in the Data Breach is significantly more valuable than the loss of, for example, credit card information in a retailer data breach because, there, victims can cancel or close credit and debit card accounts. The Private Information compromised in this Data Breach is impossible to "close" and difficult, if not impossible, to change.

61.    This data demands a much higher price on the black market. Martin Walter, senior director at cybersecurity firm RedSeal, explained, "Compared to credit card information, personally identifiable information and Social Security numbers are worth more than 10x on the black market."[14]

62.    Among other forms of fraud, identity thieves may use Social Security numbers to obtain driver's licenses, government benefits, medical services, and housing or even give false information to police.

63.    The fraudulent activity resulting from the Data Breach may not come to light for years.

---

[13] Bryan Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015), *available at*: http://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millionsworrying-about-identity-theft (last visited Jan. 19, 2022).
[14] Time Greene, *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, IT World, (Feb. 6, 2015), *available at*: https://www.networkworld.com/article/2880366/anthem-hack-personal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html (last visited Nov. 11, 2021).

CLASS ACTION COMPLAINT

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

64.    There may be a time lag between when harm occurs versus when it is discovered, and also between when Private Information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[15]

65.    At all relevant times, Defendant knew, or reasonably should have known, of the importance of safeguarding the Private Information of Plaintiff and Class Members and of the foreseeable consequences that would occur if Defendant's data security system and network was breached, including, specifically, the significant costs that would be imposed on Plaintiff and Class Members as a result of a breach.

66.    Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is

---

[15] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* https://www.gao.gov/assets/gao-07-737.pdf (last visited Jan. 19, 2022).

CLASS ACTION COMPLAINT

- 23 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA 90212 ~ (858) 209-6941

incurring and will continue to incur such damages in addition to any fraudulent use
of their PII.

67.    Defendant was, or should have been, fully aware of the unique type and
the significant volume of data on Defendant's server(s), amounting to tens of
thousands of individuals' detailed Private Information, and, thus, the significant
number of individuals who would be harmed by the exposure of the unencrypted
data.

68.    In the Notice letter, Defendant made an offer of 12 months of credit and
identity monitoring services. This is wholly inadequate to compensate Plaintiff and
Class Members as it fails to provide for the fact that victims of data breaches and
other unauthorized disclosures commonly face multiple years of ongoing identity
theft and financial fraud, and it entirely fails to provide sufficient compensation for
the unauthorized release and disclosure of Plaintiff's and Class Members' Private
Information.

69.    The injuries to Plaintiff and Class Members were directly and
proximately caused by Defendant's failure to implement or maintain adequate data
security measures for the Private Information of Plaintiff and Class Members.

70.    The ramifications of Defendant's failure to keep secure the Private
Information of Plaintiff and Class Members are long lasting and severe. Once Private

- 24 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Information is stolen, particularly Social Security numbers, fraudulent use of that information and damage to victims may continue for years.

*The Breach was Foreseeable*

71.    Defendant had obligations created by Gramm-Leach-Bliley Act ("GLBA"), the Federal Trade Commission Act ("FTC Act"), industry standards, common law, contract law, and representations and warranties made to Plaintiff and Class Members to keep their Private Information confidential and to protect it from unauthorized access and disclosure.

72.    Plaintiff and Class members provided their Private Information to Defendant with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

73.    Defendant was aware of the risk of data breaches because such breaches have dominated headlines in recent years.

74.    In 2021, a record 1,862 data breaches occurred, resulting in approximately 293,927,708 sensitive records being exposed, a 68% increase from 2020.  Of the 1,862 recorded data breaches, 330 of them, or 17.7% were in the medical or healthcare industry.    The 330 reported breaches reported in 2021

CLASS ACTION COMPLAINT

- 25 -

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

exposed nearly 30 million sensitive records (28,045,658), compared to only 306 breaches that exposed nearly 10 million sensitive records (9,700,238) in 2020.

75.     In light of recent high profile cybersecurity incidents at other healthcare partner and provider companies, including American Medical Collection Agency (25 million patients, March 2019) University of Washington Medicine (974,000 patients, December 2018), Florida Orthopedic Institute (640,000 patients, July 2020), Wolverine Solutions Group (600,000 patients, September 2018), Oregon Department of Human Services (645,000 patients, March 2019), Elite Emergency Physicians (550,000 patients, June 2020), Magellan Health (365,000 patients, April 2020), and BJC Health System (286,876 patients, March 2020), Defendant knew or should have known that its electronic records would be targeted by cybercriminals.

76.     As Defendant is surely aware, Private Information is of great value to hackers and cybercriminals, and the data compromised in the Data Breach can be used in a variety of unlawful manners.

77.     Private Information can be used to distinguish, identify, or trace an individual's identity, such as their name and medical records.

78.     This can be accomplished alone or in combination with other personal or identifying information that is connected or linked to an individual, such as their birthdate, birthplace, and mother's maiden name.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

79.    Given the nature of this Data Breach, it is foreseeable that the compromised Private Information can be used by hackers and cybercriminals in a variety of different ways.

80.    Indeed, the cybercriminals who possess the Class members' Private Information, especially their Social Security numbers (as here), can readily obtain Class members' tax returns or open fraudulent credit card accounts in the Class members' names.

81.    Because the increase in frequency and severity of cyber attacks, and attendant risk of future attacks, was widely known to the public and to anyone in Defendant's industry, Defendant knew or should have known of its duty to safeguard the Private Information and the consequences of its failure to do so.

*Defendant failed to comply with the Gramm-Leach-Bliley Act*

82.    Defendant provides investment advice and other financial services, and is therefore subject to the Gramm-Leach-Bliley Act.

83.    Defendant collects nonpublic personal information, as defined by 15 U.S.C. § 6809(4)(A), 16 C.F.R. § 313.3(n) and 12 C.F.R. § 1016.3(p)(1). Accordingly, during the relevant time period Defendant was subject to the requirements of the GLBA, 15 U.S.C. §§ 6801.1 et seq., and is subject to numerous rules and regulations promulgated on the GLBA Statutes. The GLBA Privacy Rule

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

became effective on July 1, 2001. *See* 16 C.F.R. Part 313. Since the enactment of the Dodd-Frank Act on July 21, 2010, the Consumer Financial Protection Bureau ("CFPB") became responsible for implementing the Privacy Rule. In December 2011, the CFPB restated the implementing regulations in an interim final rule that established the Privacy of Consumer Financial Information, Regulation P, 12 C.F.R. § 1016 ("Regulation P"), with the final version becoming effective on October 28, 2014.

84. Accordingly, Defendant's conduct is governed by the Privacy Rule prior to December 30, 2011, and by Regulation P after that date.

85. Both the Privacy Rule and Regulation P require financial institutions to provide customers with an initial and annual privacy notice. These privacy notices must be "clear and conspicuous."16 C.F.R. §§ 313.4 and 313.5; 12 C.F.R. §§ 1016.4 and 1016.5. "Clear and conspicuous means that a notice is reasonably understandable and designed to call attention to the nature and significance of the information in the notice." 16 C.F.R. § 313.3(b)(1); 12 C.F.R. § 1016.3(b)(1). These privacy notices must "accurately reflect[] [the financial institution's] privacy policies and practices." 16 C.F.R. § 313.4 and 313.5; 12 C.F.R. §§ 1016.4 and 1016.5. They must include specified elements, including the categories of nonpublic personal information the financial institution collects and discloses, the categories of third parties to whom the financial institution discloses the information, and the

financial institution's security and confidentiality policies and practices for nonpublic personal information. 16 C.F.R. § 313.6; 12 C.F.R. § 1016.6. These privacy notices must be provided "so that each consumer can reasonably be expected to receive actual notice." 16 C.F.R. § 313.9; 12 C.F.R. § 1016.9. As alleged herein, Defendant violated the Privacy Rule and Regulation P.

86.    Upon information and belief, Defendant failed to provide annual privacy notices to customers after the customer relationship ended, despite retaining these customers' Private Information and storing and/or sharing that PII on its network.

87.    Defendant failed to adequately inform its customers that it was storing and/or sharing, or would store and/or share, the customers' PII on its inadequately secured network and would do so after the customer relationship ended.

88.    The Safeguards Rule, which implements Section 501(b) of the GLBA,15 U.S.C. § 6801(b), requires institutions to protect the security, confidentiality, and integrity of customer information by developing a comprehensive written information security program that contains reasonable administrative, technical, and physical safeguards, including: (1) designating one or more employees to coordinate the information security program; (2) identifying reasonably foreseeable internal and external risks to the security, confidentiality, and integrity of customer information, and assessing the sufficiency of any safeguards in

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

place to control those risks; (3) designing and implementing information safeguards to control the risks identified through risk assessment, and regularly testing or otherwise monitoring the effectiveness of the safeguards' key controls, systems, and procedures; (4) overseeing service providers and requiring them by contract to protect the security and confidentiality of customer information; and (5) evaluating and adjusting the information security program in light of the results of testing and monitoring, changes to the business operation, and other relevant circumstances. 16 C.F.R. §§ 314.3 and 314.4. As alleged herein, Defendant violated the Safeguard Rule.

89.     Defendant failed to assess reasonably foreseeable risks to the security, confidentiality, and integrity of PII in its custody or control.

90.     Defendant failed to design and implement information safeguards to control the risks identified through risk assessment, and regularly test or otherwise monitor the effectiveness of the safeguards' key controls, systems, and procedures.

91.     Defendant failed to adequately oversee service providers.

92.     Defendant failed to evaluate and adjust its information security program in light of the results of testing and monitoring, changes to the business operation, and other relevant circumstances.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA 90212 ~ (858) 209-6941

*Defendant failed to follow FTC Guidelines*

93.    The Federal Trade Commission ("FTC") has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices.

94.    According to the FTC, the need for data security should be factored into all business decision-making.

95.    In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses.

96.    The guidelines note that businesses should protect the personal information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

97.    The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.

- 31 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

98.    The FTC further recommends that companies not maintain Private Information longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

99.    The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect patient data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

100.    Defendant failed to properly implement basic data security practices.

101.    Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to consumers' Private Information constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

102.    Defendant was at all times fully aware of its obligation to protect the Private Information of Plaintiff and Class Members. Defendant was also aware of the significant repercussions that would result from its failure to do so.

CLASS ACTION COMPLAINT

- 32 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

*Plaintiff's Experience*

103.    Plaintiff was required to provide and did provide her Private Information to Defendant.

104.    To date, Defendant has done next to nothing to adequately protect Plaintiff and Class Members, or to compensate them for their injuries sustained in this Data Breach.

105.    Defendant's data breach notice letter downplays the theft of Plaintiff's and Class Members Private Information, when the facts demonstrate that the Private Information was left in a condition vulnerable to unauthorized access and exfiltration in a criminal cyberattack. The fraud and identity monitoring services offered by Defendant are only for one year, and it places the burden squarely on Plaintiff and Class Members by requiring them to expend time signing up for the service and addressing timely issues despite the fact that they are the victims of the Data Breach.

106.    Plaintiff and Class Members have been further damaged by the compromise of their Private Information.

107.    Plaintiff's Private Information was compromised in the Data Breach, and was likely stolen and in the hands of cybercriminals who illegally accessed Defendant's network for the specific purpose of targeting the Private Information.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

108.    Plaintiff typically takes measures to protect her Private Information, and is very careful about sharing her Private Information. Plaintiff has never knowingly transmitted unencrypted Private Information over the internet or other unsecured source.

109.    Plaintiff stores any documents containing her Private Information in a safe and secure location, and she diligently chooses unique usernames and passwords for her online accounts.

110.    As a result of the Data Breach, Plaintiff has suffered a loss of time and has spent and continues to spend a considerable amount of time on issues related to this Data Breach. She monitors accounts and credit scores and has sustained emotional distress. This is time that was lost forever and took away from other activities and duties.

111.    Plaintiff also suffered actual injury in the form of damages to and diminution in the value of her Private Information—a form of intangible property that she entrusted to Defendant for the purpose of obtaining services from Defendant, which was compromised in and as a result of the Data Breach.

112.    Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of her privacy.

CLASS ACTION COMPLAINT

- 34 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

113.   Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her Private Information, especially her Social Security Number, being placed in the hands of criminals.

114.   Defendant obtained and continues to maintain Plaintiff's Private Information and has a continuing legal duty and obligation to protect that Private Information from unauthorized access and disclosure. Defendant required the Private Information from Plaintiff when she received services from Defendant. Plaintiff, however, would not have entrusted her Private Information to Defendant had she known that it would fail to maintain adequate data security. Plaintiff's Private Information was compromised and disclosed as a result of the Data Breach.

115.   As a result of the Data Breach, Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. As a result of the Data Breach, Plaintiff is at a present risk and will continue to be at increased risk of identity theft and fraud for years to come.

## V.    CLASS ALLEGATIONS

116.   This Action is properly maintainable as a Class Action.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

117.   Plaintiff brings this Action on behalf of herself and all similarly situated persons and entities pursuant to Federal Rule of Civil Procedure 23, for the following Class defined as:

> All individuals and entities residing in the United States whose Private Information was compromised in the Data Breach announced by Defendant in or about June of 2022 (the "Class").

118.   Excluded from the Class are: Defendant and Defendant's relatives, subsidiaries, affiliates, officers and directors, and any entity in which the Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

119.   Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

120.   Numerosity. Defendant reports that the Data Breach compromised the Private Information of over 70,000 victims. Therefore, the members of the Class are so numerous that joinder of all members is impractical.

121.   Commonality. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

CLASS ACTION COMPLAINT

- 36 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

a. Whether Defendant unlawfully used, maintained, lost or disclosed Plaintiff's and Class Members' Private Information;

b. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

c. Whether Defendant's data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

d. Whether Defendant's data security systems prior to and during the Data Breach were consistent with industry standards;

e. Whether Defendant owed a duty to Class Members to safeguard their Private Information;

f. Whether Defendant breached its duty to Class Members to safeguard their Private Information;

g. Whether computer hackers obtained Class Members' Private Information in the Data Breach;

h. Whether Defendant knew or should have known that its data security systems and monitoring processes were deficient;

CLASS ACTION COMPLAINT

- 37 -

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

i. Whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendant's misconduct;

j. Whether Defendant's acts, inactions, and practices complained of herein amount to acts of intrusion upon seclusion under the law;

k. Whether Defendant failed to provide notice of the Data Breach in a timely manner and

l. Whether Plaintiff and Class Members are entitled to damages, civil penalties, punitive damages, equitable relief and/or injunctive relief.

122. <u>Typicality.</u> Plaintiff's claims are typical of those of other Class members because Plaintiff's Private Information, like that of every other Class member, was compromised by the Data Breach. Further, Plaintiff, like all Class members, was injured by Defendant's uniform conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all other Class members, and there are no defenses that are unique to Plaintiff. The claims of Plaintiff and those of other Class members arise from the same operative facts and are based on the same legal theories.

123. <u>Adequacy of Representation.</u> Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling or

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

disqualifying conflicts of interest that would be antagonistic to those of the other members of the Class. The damages and infringement of rights Plaintiff suffered are typical of other Class members, and Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, including, but not limited to, similar data breach class action litigation, and Plaintiff intends to prosecute this action vigorously.

124.    Superiority of Class Action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of numerous individual lawsuits would not be economically feasible for individual Class members, and certification as a class action will preserve judicial resources by allowing the Class common issues to be adjudicated in a single forum, avoiding the need for duplicative hearings and discovery in individual actions that are based on an identical set of facts. In addition, without a class action, it is likely that many members of the Class will remain unaware of the claims they may possess.

125.    The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws and the ascertainable identities of Class members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

126.    Adequate notice can be given to Class members directly using information maintained in Defendant's records.

127.    <u>Predominance.</u> The issues in this action are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

128.    This proposed class action does not present any unique management difficulties.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### NEGLIGENCE

129.    Plaintiff re-alleges and incorporates by reference all paragraphs above as if fully set forth herein.

130.    Plaintiff brings this cause of action on behalf of herself and the Class.

131.    Defendant required Plaintiff and the Class Members to submit non-public personal information in order to obtain services.

132.    The Class members are individuals who provided certain Private Information to Defendant including the Private Information described above.

133.    Defendant had full knowledge of the sensitivity of the Private Information with which it was entrusted and the types of harm that Class members could and would suffer if the information were wrongfully disclosed.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA 90212 ~ (858) 209-6941

134.   Defendant had a duty to each Class member to exercise reasonable care in holding, safeguarding and protecting that information.

135.   Plaintiff and the Class members were the foreseeable victims of any inadequate safety and security practices.

136.   The Class members had no ability to protect their data in Defendant's exclusive control and possession.

137.   By collecting and storing this data in its computer property, and by sharing it and using it for commercial gain, Defendant had a duty of care to use reasonable means to secure and safeguard its computer property—and the Class members' Private Information held within it — to prevent disclosure of the information and to safeguard the information from theft.

138.   Defendant's duty included a responsibility to implement processes by which they could detect a breach of its security systems in a reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach.

139.   Defendant owed a duty of care to safeguard the Private Information of Plaintiff and Class Members in its custody. This duty of care arises because Defendant knew of a foreseeable risk to the data security systems it used. Defendant knew of this foreseeable risk because of the explosion of data breach incidents involving financial services providers detailed above. Despite its knowledge of this foreseeable risk, Defendant failed to implement reasonable security measures.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

140.  Defendant owed a duty of care to Plaintiff and the Class Members to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

141.  Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class Members, which is recognized by laws and regulations including, but not limited to, the GLBA, the FTC Act, and the common law.

142.  Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Class members from a data breach.

143.  Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

144.  Defendant violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Private Information and not complying with industry standards. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information obtained and stored and the foreseeable consequences of a data breach on Defendant's systems.

- 42 -

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

145.    Defendant's duty to use reasonable security measures also arose under the GLBA, under which Defendant was required to protect the security, confidentiality, and integrity of customer information by developing a comprehensive written information security program that contains reasonable administrative, technical, and physical safeguards.

146.    Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information.

147.    Defendant breached its duties, and thus was negligent, by failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information.

148.    The specific negligent acts and omissions committed by Defendant includes, but are not limited to, the following:

  a. Failing to adopt, implement and maintain adequate security measures to safeguard Class members' Private Information;

  b. Failing to adequately monitor the security of its networks and systems;

  c. Failure to periodically ensure that their network system had plans in place to maintain reasonable data security safeguards;

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

d.  Allowing unauthorized access to Class Members' Private
Information;

e.  Failing to detect in a timely manner that Class members'
Private Information had been compromised;

f.  Failing to timely notify Class members about the Data Breach
so that they could take appropriate steps to mitigate the
potential for identity theft and other damages and

g.  Failing to have mitigation and back-up plans in place in the
event of a cyber- attack and data breach.

149.   It was foreseeable that Defendant's failure to use reasonable measures
to protect Class Members' Private Information would result in injury to Plaintiff and
Class Members.

150.   Further, the breach of security was reasonably foreseeable given the
known high frequency of hacking incidents, cyberattacks, and data breaches in the
healthcare industry.

151.   It was therefore foreseeable that the failure to adequately safeguard
Class members' Private Information would result in one or more types of injuries to
Class Members.

152.   Plaintiff and Class Members are entitled to compensatory and
consequential damages suffered as a result of the Breach.

CLASS ACTION COMPLAINT

- 44 -

153.    Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to (i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures and (iii) provide adequate credit monitoring to all Class Members.

<u>SECOND CAUSE OF ACTION</u>

BREACH OF IMPLIED CONTRACT

154.    Plaintiff re-alleges and incorporates by reference all paragraphs above as if fully set forth herein.

155.    Plaintiff brings this cause of action on behalf of herself and the Class.

156.    Defendant acquired and maintained the Private Information of Plaintiff and the Class as a condition of their receiving services from Defendant.

157.    At the time Defendant acquired the Private Information of Plaintiff and the Class, there was a meeting of the minds and a mutual understanding that Defendant would safeguard the Private Information and not take unjustified risks when storing the Private Information.

158.    Plaintiff and the Class would not have entrusted their Private Information to Defendant had they known that Defendant would make the Private Information internet-accessible, not encrypt sensitive data elements such as Social

- 45 -

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Security numbers, and not delete the Private Information that Defendant no longer had a reasonable need to maintain.

159.    Defendant further promised to comply with industry standards and to ensure that Plaintiff's and Class Members' Private Information would remain protected.

160.    Implicit in the agreement between Plaintiff and Class Members and the Defendant to provide Private Information, was the latter's obligation to: (a) use such information for business purposes only, (b) take reasonable steps to safeguard that Private Information, (c) prevent unauthorized disclosures of the Private Information, (d) provide Plaintiff and Class Members with prompt and sufficient notice of any and all unauthorized access and/or theft of their Private Information, (e) reasonably safeguard and protect the Private Information of Plaintiff and Class Members from unauthorized disclosure or uses, and (f) retain the Private Information only under conditions that kept such information secure and confidential.

161.    In collecting and maintaining the Private Information of Plaintiff and the Class, Defendant entered into contracts with Plaintiff and the Class requiring Defendant to protect and keep secure the Private Information of Plaintiff and the Class.

162.    Plaintiff and the Class fully performed their obligations under the contracts with Defendant.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

163.     Defendant breached the contracts they made with Plaintiff and the Class by failing to protect and keep private financial information of Plaintiff and the Class, including failing to (i) encrypt or tokenize the sensitive Private Information of Plaintiff and the Class, (ii) delete such Private Information that Defendant no longer had reason to maintain, (iii) eliminate the potential accessibility of the Private Information from the internet where such accessibility was not justified, and (iv) otherwise review and improve the security of the network system that contained such Private Information.

164.     As a direct and proximate result of Defendant's above-described breach of implied contract, Plaintiff and the Class have suffered (and will continue to suffer) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; additional time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, credit freezes, decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

165.  As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class Members are at an increased risk of identity theft or fraud.

166.  As a direct and proximate result of Defendant's breach of contract, Plaintiff and Class Members are entitled to and demand actual, consequential, and nominal damages and injunctive relief, to be determined at trial.

THIRD CAUSE OF ACTION

VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

167.  Plaintiff realleges and incorporates by reference all proceeding paragraphs as if fully set forth herein.

168.  The UCL prohibits any unlawful or unfair business act or practice and any false or misleading advertising, as those terms are defined by the UCL and relevant case law. By virtue of the above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach, Defendant engaged in unlawful and unfair practices in violation of the UCL.

169.  In the course of conducting business, Defendant committed "unlawful" business practices by, *inter alia*, knowingly failing to design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect Plaintiff's and Class members' Private Information,

CLASS ACTION COMPLAINT

- 48 -

and by violating the statutory and common law alleged herein, including, *inter alia*, the FTC Act, GLBA, and Article I, Section 1 of the California Constitution (California's constitutional right to privacy) and Civil Code § 1798.81.5. Plaintiff and Class members reserve the right to allege other violations of law by Defendant constituting other unlawful business acts or practices. Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care are ongoing and continue to this date.

170.  Defendant also violated the UCL's unlawful prong by breaching contractual obligations created by their Privacy Policies and by knowingly and willfully or, in the alternative, negligently and materially violating Cal. Bus. & Prof. Code § 22576, which prohibits a commercial website operator from "knowingly and willfully" or "negligently and materially" failing to comply with the provisions of their posted privacy policy. Plaintiffs and Class members suffered injury in fact and lost money or property as a result of Defendant's violations of its privacy policies.

171.  Defendant also violated the UCL by failing to timely notify Plaintiff and Class members pursuant to Civil Code § 1798.82(a) regarding the unauthorized access and disclosure of their Private Information. If Plaintiff and Class members had been notified in an appropriate fashion, they could have taken precautions to safeguard and protect their Private Information and identities.

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

172. Defendant's above-described wrongful actions, inaction, omissions, want of ordinary care, misrepresentations, practices, and non-disclosures also constitute "unfair" business acts and practices in violation of the UCL in that Defendant's wrongful conduct is substantially injurious to consumers, offends legislatively-declared public policy, and is immoral, unethical, oppressive, and unscrupulous. Defendant's practices are also contrary to legislatively declared and public policies that seek to protect Private Information and ensure that entities who solicit or are entrusted with personal data utilize appropriate security measures, as reflected by California law such as Article I, Section 1 of the California Constitution, the GLBA, and the FTC Act. The gravity of Defendant's wrongful conduct outweighs any alleged benefits attributable to such conduct. Moreover, consumers could not reasonably avoid the harm described herein through the exercise of ordinary diligence. There were reasonably available alternatives to further Defendant's legitimate business interests other than engaging in the above-described wrongful conduct.

173. Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendant's violations of their Privacy Policies and statutory and common law in that a portion of the money Plaintiff and Class members paid for Defendant's services went to fulfill the contractual obligations set forth in their

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Privacy Policy, including maintaining the security of their Private Information, and Defendant's legal obligations and Defendant failed to fulfill those obligations.

174.  As a direct and proximate result of Defendant's above-described wrongful actions, inaction, omissions, and want of ordinary care that directly and proximately caused the Data Breach and their violations of the UCL, Plaintiff and Class members have suffered injury in fact and lost money or property as a result of Defendant's unfair and deceptive conduct. Such injury includes paying for a certain level of security for their Private Information but receiving a lower level, paying more for Defendant's products and services than they otherwise would have had they known Defendant was not providing the reasonable security represented in their Privacy Policy and as in conformance with their legal obligations. Defendant's security practices have economic value in that reasonable security practices reduce the risk of theft of customer's Private Information.

175.  Plaintiff and Class members have also suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*, (i) an imminent, immediate and the continuing increased risk of identity theft and identity fraud – risks justifying expenditures for protective and remedial services for which they are entitled to compensation, (ii) invasion of privacy, (iii) breach of the confidentiality of their Private Information, (iv) diminution of the value of their Private Information for which there is a well-established national and international

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

market, and/or (v) the financial and temporal cost of monitoring their credit, monitoring financial accounts, and mitigating damages.

176.   Unless restrained and enjoined, Defendant will continue to engage in the above-described wrongful conduct and more data breaches will occur. Plaintiff, therefore, on behalf of herself, Class members, and the general public, also seeks restitution and an injunction, including public injunctive relief prohibiting Defendant from continuing such wrongful conduct, and requiring Defendant to modify their corporate culture and design, adopt, implement, control, direct, oversee, manage, monitor and audit appropriate data security processes, controls, policies, procedures protocols, and software and hardware systems to safeguard and protect the Private Information entrusted to it, as well as all other relief the Court deems appropriate, consistent with Bus. & Prof. Code § 17203.

## VII.   PRAYER FOR RELIEF

177.   WHEREFORE, Plaintiff, individually and on behalf of the Class defined herein, prays for judgment against Defendant as follows:

a.) For an Order certifying this action as a Class action and appointing Plaintiff and her counsel to represent the Class;

b.) For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff and Class Members' Private

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

Information and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and Class members;

c.) For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety, and to disclose with specificity the type of Private Information compromised during the Breach;

d.) For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

e.) Ordering Defendant to pay for not less than three years of credit monitoring services for Plaintiff and the Class;

f.) For an award of actual damages, compensatory damages, statutory damages and statutory penalties, in an amount to be determined, as allowable by law;

g.) For an award of punitive damages, as allowable by law;

h.) For an award of attorneys' fees and costs, and any other expense, including expert witness fees;

i.) Pre- and post-judgment interest on any amounts awarded and,

j.) All such other and further relief as this court may deem just and proper.

CLASS ACTION COMPLAINT

- 53 -

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
280 South Beverly Drive
Beverly Hills, CA  90212 ~ (858) 209-6941

## VIII.  JURY TRIAL DEMAND

178.   Plaintiff hereby demands a trial by jury.

DATED: Aug. 22, 2022              Respectfully submitted,


                                  *s/ John Nelson*
                                  John J. Nelson (SBN 317598)
                                  MILBERG COLEMAN BRYSON
                                  PHILLIPS GROSSMAN, PLLC
                                  280 South Beverly Drive
                                  Beverly Hills, California 90212
                                  Tel.:   (858) 209-6941
                                  jnelson@milberg.com

                                  *Attorneys for Plaintiff and the Classes*

                                  *Pro Hac Vice forthcoming*